IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CANNON UNITED METHODIST CHURCH, INC., | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) CIVIL ACTION NO.<br>)<br>) |
| JOHN DOE 1; JOHN DOE 2; JOHN DOE 3; and JOHN DOE 4, | )<br>)<br>) |
| Defendants. | )<br>) |

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

Plaintiff Cannon United Methodist Church, Inc. ("Cannon" or "Plaintiff"), hereby submits this Complaint and, in support thereof, shows the Court the following:

PARTIES AND JURISDICTION

1.

Plaintiff Cannon United Methodist Church, Inc., is a corporation organized under the laws of the State of Georgia, with its principal place of business located in Snellville, Georgia, in Gwinnett County.

2.

Upon information and belief, Defendant John Doe 1 is the accountholder holder of the bank account that received Plaintiff's funds, and is a citizen of another

state or country, who has committed tortious acts within the State of Georgia and has transacted business within the State of Georgia, which acts have caused injury within the State of Georgia.

3.

Upon information and belief, Defendant John Doe 2 is the beneficial owner of the bank account that received Plaintiff's funds, and is a citizen of another state or country, who has committed tortious acts within the State of Georgia and has transacted business within the State of Georgia, which acts have caused injury within the State of Georgia.

4.

Upon information and belief, Defendant John Doe 3 is a citizen of an unknown state or country who directed the fraudulent scheme set forth herein and/or owns a bank account to which funds have been subsequently transferred pursuant to a fraudulent scheme that targeted Georgia residents attempting to complete a real estate closing as an instrumentality of the scheme alleged herein.

5.

Upon information and belief, Defendant John Doe 4 is a citizen of an unknown state or country who directed the fraudulent scheme set forth herein and/or owns a bank account to which funds have been subsequently transferred pursuant to a

fraudulent scheme that targeted Georgia residents attempting to complete a real estate closing as an instrumentality of the scheme alleged herein.

6.

Jurisdiction is proper in Georgia state courts pursuant to O.C.G.A. § 9-10-91(1)-(3) and in Georgia federal courts pursuant to 28 U.S.C. §§ 1331 and 1332.

7.

Venue is proper in the Georgia pursuant to O.C.G.A. § 9-10-91, and in the District Court for the Northern District of Georgia pursuant to 28 U.S.C. § 1391(b)(2), as the events giving rise to the claim occurred in Woodstock, Georgia, located within the Northern District of Georgia, Atlanta Division. Specifically, a Georgia corporation was targeted by a fraudulent enterprise, resulting in it wiring funds from Gwinnett County, Georgia, to a money mule account unrelated to its business.

FACTUAL BACKGROUND

8.

Cannon United Methodist Church was organized under the laws of the State of Georgia in 1999 and owns and operates a church located in Gwinnett County, Georgia.

9.

In November, 2025, Cannon's treasurer, Doug Schendel, intended to wire the sum of $400,000 to Georgia United Methodist Foundation ("GUMF"). Unbeknownst to him, he received false wire instructions ("Fraudulent Wire Instructions") from one or more parties who hacked into the communications between Cannon and GUMF, directing that Plaintiff wire funds to PNC Bank account number xxxxxxxx6113 Account (the "PNC 6113 Account").

10.

On or about November 28, 2025, Cannon wired $400,000 of its funds (the "Wire Transfer") pursuant to the Fraudulent Wire Instructions.

11.

On December 5, 2025, Cannon received notice from GUMF that it had not received the instructions, and had not sent the Fraudulent Wire Instructions. Cannon thereafter filed police and FBI reports and attempted to recall the Wire Transfer, but none of those efforts were successful.

12.

Upon information and belief, Defendant John Doe 1 is the accountholder holder of the bank account that received Plaintiff's funds.

13.

Upon information and belief, Defendant John Doe 2 is the beneficial owner of the bank account that received Plaintiff's funds.

14.

Upon information and belief, Defendant John Doe 3 is a person who directed the fraudulent scheme set forth herein and/or owns a bank account to which funds have been subsequently transferred pursuant to a fraudulent scheme.

15.

Upon information and belief, Defendant John Doe 4 is a person who directed the fraudulent scheme set forth herein and/or owns a bank account to which funds have been subsequently transferred pursuant to a fraudulent scheme.

16.

The Declaration of Plaintiff's employee is attached as Exhibit 1 hereto and true and correct copies of documents relating to the Wire Transfer are attached thereto, including the Fraudulent Wire Instructions, the hackers' email purporting to be from the GUMF with instructions, and confirmation of the Wire Transfer.

17.

Plaintiff seeks the aid of the Court and the Court's laws and rules to discover the identity of the persons or businesses who owns the PNC Bank 6113 Account and who engaged in the fraudulent scheme alleged herein.

## FIRST CLAIM FOR RELIEF – CIVIL RICO

18.

Plaintiff hereby incorporates the preceding paragraphs of this Complaint by reference.

19.

Plaintiff brings claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO") pursuant to the provisions of 18 U.S.C. § 1961, *et seq.*

20.

Defendants and their co-conspirators engaged in conduct of an enterprise through a pattern of racketeering activity that included interstate mail fraud, interstate wire fraud, and money laundering, including but not limited to violations of 18 U.S.C. §§ 1956(a)(2)(A) (money laundering), wire fraud (18 U.S.C. § 1343), mail fraud (18 U.S.C. § 1341), including but not limited to the use of Wire Transfer to divert and hide fraudulently obtained funds, the use of the mails to mail cashier's checks to other participants in the scheme alleged herein, the use of digital wallets and assets to abscond with Plaintiff's funds, and conducting financial transactions with proceeds of unlawful activity (*Gen. Cigar Co. v. CR Carriers, Inc.*, 948 F.Supp. 1030, 1039 (M.D. Ala. 1996)). Upon information and belief, Defendants John Doe 1, John Doe 2, and their co-conspirators knew that the funds were proceeds of unlawful activities at the time they transferred and converted the funds.

21.

Plaintiff have suffered damages in excess of $400,000, which damages were proximately caused by Defendants' RICO violations and are entitled to treble damages and attorneys' fees under 18 U.S.C. § 1964(c), for which Defendants are and should be held liable to Plaintiff.

22.

The transactions by Defendants alleged herein were part of a pattern of racketeering activity, including but not limited to transfers of other stolen funds received by, contained in, and transferred from the PNC Bank 6113 Account and other accounts used in the scheme.

23.

Upon information and belief, Defendants' transactions with Plaintiff do not appear to be isolated in light of the complex nature of the scheme alleged herein.

24.

As held by the Eleventh Circuit Court of Appeals, "A jury could find it strange that those who insist that their conduct was proper and their intent pure went to such great lengths to hide it all from the light of day. From such secrecy much may be inferred." *Cox v. Adm'r U.S. Steel & Carnegie*, 17 F.3d 1386, 1402 (11th Cir. 1994).

25.

Defendants went to great lengths to hide their scheme from Plaintiff, including hacking emails, posing as persons known to Plaintiff, using money mule accounts, and soliciting participants to accomplish the ends of the scheme. *Cox v. Adm'r U.S. Steel & Carnegie*, 17 F.3d 1386, 1402 (11th Cir. 1994).

26.

Plaintiff has suffered damages in excess of $ 400,000, which damages were proximately caused by Defendants' RICO violations, and is entitled to treble damages and attorneys' fees under 18 U.S.C. § 1964(c), for which Defendants are liable to Plaintiff.

## SECOND CLAIM FOR RELIEF – MONEY HAD AND RECEIVED

27.

Plaintiff hereby incorporates the preceding paragraphs of this Complaint by reference.

28.

Defendants directed funds of Plaintiff to be transferred into the PNC Bank 6113 Account for the benefit of Defendants. These funds constitute money which Defendants are not entitled in good conscience to retain.

29.

Defendants have the obligation from the "ties of natural justice" to refund the funds that were transferred by the Wire Transfer to the PNC Bank 6113 Account, which funds were wired into said account by fraud.

30.

Defendants have caused damage to Plaintiff by engaging in fraudulent hacking of emails, providing false wire instructions, and mis-directing funds in Plaintiff's accounts to the PNC Bank 6113 Account, for which they should be and are liable in damages and for injunctive relief ordering freezing of the funds and return of the funds to Plaintiff.

THIRD CLAIM FOR RELIEF – FRAUD

31.

Plaintiff hereby incorporates the preceding paragraphs of this Complaint by reference.

32.

Upon information and belief, Defendants obtained funds of Plaintiff by engaging in fraudulent hacking of emails, providing false wire instructions, and mis-directing funds in Plaintiff's accounts to the PNC Bank 6113 Account, for which they should be and are liable in damages and for injunctive relief ordering freezing of the funds and return of the funds to Plaintiff.

33.

Defendants committed these acts for the purpose of fraudulently obtaining the Plaintiff's funds.

34.

Defendants intended that Plaintiff rely on the aforesaid misrepresentations.

35.

Plaintiff reasonably relied on the aforesaid misrepresentations.

36.

Plaintiff's reliance on the misrepresentations was foreseeable.

37.

The actions of Defendants constitute fraud for which Plaintiff is entitled to recover damages and injunctive relief from Defendants.

## FOURTH CLAIM FOR RELIEF – CIVIL CONSPIRACY

38.

Plaintiff hereby incorporate the preceding paragraphs of this Complaint by reference.

39.

Upon information and belief, Defendants conspired and agreed with each other and with one or more other persons or entities to commit the fraudulent acts set forth herein.

40.

As set forth above, Defendants and their co-conspirators acted pursuant to a common intent and design with other individuals and/or entities to fraudulently move, through a series of transactions, funds of Plaintiff to the PNC Bank 6113 Account.

41.

Plaintiff was damaged by the aforesaid conspiracy, for which Defendants should be and are liable in damages.

### FIFTH CLAIM FOR RELIEF
### UNJUST ENRICHMENT/CONSTRUCTIVE TRUST

42.

Plaintiff hereby incorporates the preceding paragraphs of this Complaint by reference.

43.

As set forth above, Defendants fraudulently obtained funds rightfully belonging to Plaintiff through a series of acts that ultimately caused Plaintiff to transfer the funds into the PNC Bank 6113 Account.

44.

Defendants and their co-conspirators should not be allowed to enjoy the beneficial interest or ownership of the funds fraudulently transferred without violating established principles of equity.

45.

A constructive trust should be imposed on all funds traceable to the wire transfer from Plaintiff to the PNC Bank 6113 Account.

SIXTH CLAIM FOR RELIEF – INJUNCTIVE RELIEF

46.

Plaintiff hereby incorporates the preceding paragraphs of this Complaint by reference.

47.

As set forth above, there is a substantial likelihood that Plaintiff will prevail on the merits of its claims. If this injunction is not granted, Plaintiff stand to suffer irreparable injury, loss and damage if Defendants further negotiate from the PNC Bank 6113 Account, use proceeds from the stolen funds in the PNC Bank 6113 Account, and transfer the funds into digital assets. In light of the fraudulent activity which resulted in money entering into the recipient accounts, including but not limited to the PNC Bank 6113 Account, Defendants are likely to dispose of Plaintiff's property and funds if the relief requested herein is not granted. The threatened injury to Plaintiff outweighs the threatened harm the injunction may do to Defendants. Granting an injunction will not disserve the public interest in that there is no public interest in recipients of fraudulent transfers retaining such funds.

48.

An injunction, including but not limited to an asset freeze and a freeze on the PNC Bank 6113 Account, is warranted and should be issued on a temporary and permanent basis pursuant to O.C.G.A. §§ 9-5-1, 9-11-65 and 11-4A-503, and Fed.R.Civ.P. Rule 65. The injunction should restrain Defendants, all persons acting in concert with or in participation with any of them, their officers, directors, agents, representatives, successors, assigns, any banks, savings and loan associations, credit card companies, credit card processing agencies, merchant acquiring banks, financial institutions, or other companies that engage in the processing or transferring of money and/or real or personal property, who receive actual notice of the Court's Order by personal service or otherwise from, without prior approval of the Court, transferring, disposing of, or secreting any money or proceeds of money from Defendants and any other assets of Defendants from accounts associated with or utilized by any of the Defendants, or otherwise paying or transferring any money, stocks, bonds, real or personal property, or other assets to any of the Defendants, into or out of any accounts associated with or utilized by any of the Defendants, regardless of whether such accounts are located in the United States or abroad, including but not limited to the PNC Bank 6113 Account. This Order should include but not be limited to any and all accounts and assets utilized or owned by Defendants.

## SEVENTH CLAIM FOR RELIEF – PUNITIVE DAMAGES

49.

Plaintiff hereby incorporates the preceding paragraphs of this Complaint by reference.

50.

Upon information and belief, the actions of Defendants were egregious and intentional, and such willful misconduct was the result of malice, fraud, wantonness, oppression, and an entire want of care that would raise the presumption of deliberate indifference to the consequences. Accordingly, Plaintiff are entitled to recover punitive damages from Defendants under O.C.G.A. § 51-12-5.1.

## EIGHTH CLAIM FOR RELIEF – ATTORNEYS' FEES

51.

Plaintiff hereby incorporates the preceding paragraphs of this Complaint by reference.

52.

Defendants engaged in actions as further set forth herein that were in bad faith; Defendants have caused Plaintiff unnecessary trouble and expense; and Defendants have been stubbornly litigious. Accordingly, an award of attorneys' fees is

authorized against Defendants John Doe 1 and John Doe 2 pursuant to O.C.G.A. § 13-6-11.

WHEREFORE, Plaintiff pray for the following relief:

1) That process issue in accordance with the law;

2) That Plaintiff have a judgment for injunctive relief and disgorgement of funds wrongfully taken, received, and misappropriated, including but not limited imposing an asset freeze on assets of Defendants, the PNC Bank 6113 Account, and all other accounts which received the fraudulently transferred funds set forth herein;

3) That Plaintiff be awarded compensatory, nominal, treble, and general damages against Defendants as compensation for their intentional, wanton and willful actions;

4) That Plaintiff be awarded punitive damages against Defendants;

5) That Plaintiff be awarded costs of this action and attorneys' fees against Defendants; and

6) That Plaintiff be awarded such other and further relief as the Court deems just and proper.

Respectfully submitted, this, the 24th day of February, 2026.

                COPELAND, STAIR, VALZ & LOVELL, LLP

                By:  */s/Mark D. Lefkow*
                       MARK D. LEFKOW
                       Georgia Bar No. 004289

                ***Attorneys for Plaintiff Cannon United Methodist Church, Inc.***

191 Peachtree Street, N.E.
Suite 3600
Atlanta, Georgia  30303
Phone: (404) 522-8220
Fax: (404) 523-2345
Email: mlefkow@csvl.law

\* <u>Local Rule 5.1(C) Certification</u>: This document was prepared using Times New Roman 14-point font, one of the fonts allowed by N.D. Ga. L.R. 5.1(C).